## WESTERN AND ATLANTIC RAILROAD CO. v. BASS.

1. The right which the statute (Civil Code, §§ 3828 and 3829) gives to the widow to recover for the homicide of her husband, when his death results from a crime or from criminal or other negligence, can not exist until he is actually dead; and the statute of limitations begins to run from the date of his death, and not from the time at which the injury was inflicted which caused the death.

2. The common-law presumption in prosecutions for murder, appeals of death, and inquisitions against deodands, that an injury was not the proximate cause of the death when the death did not occur within a year and a day after the injury was inflicted, does not apply to the right of action given by this statute.

Argued December 7, 1897. Reargued February 10, — Decided May 27, 1898.

Action for damages.　Before Judge Reid.　City court of Atlanta.　March term, 1897.

*Payne & Tye,* for plaintiff in error.
*Maddox & Terrell,* contra.

FISH, J.　On Dec. 12, 1896, Mrs. Bass brought suit against the Western & Atlantic Railroad Co., for the homicide of her husband.　She alleged in her petition, that while her husband was in the employ of the railroad company as engineer, he was injured on Feb. 21, 1891, without fault on his part, and that as a result of such injury, which was wholly caused by the fault and negligence of the company, he died on Sept. 30, 1896.　The petition fully set forth the circumstances under which plaintiff's husband was injured, the nature of the injuries, his age, amount he was earning, the amount of plaintiff's damages, etc.　A demurrer was filed to the petition, upon the grounds, (1) that it "shows on its face that the cause of action sued for is barred by the statute of limitations, more than two years having expired before suit was instituted"; and (2) "there is no cause of action set forth in said petition."　The demurrer was overruled, and the defendant excepted.

1. Was the plaintiff's right of action barred by the statute of limitations, because her suit was not filed within two years from the date her husband was injured?　"Actions for injuries done to the person shall be brought within two years after the right of action accrues."　Civil Code, § 3900.　If the plaintiff's husband had sued for the injuries to his person, he must have brought his action within two years from the date such injuries were inflicted.　The plaintiff's action, however, was not for injuries done to the person of her husband.　She had no right under the law to sue for such injuries; no one except the husband himself could maintain an action for them.　If, however, such injuries resulted in his death, then, under section 3828 of the Civil Code, a right of action accrued to her.　That section provides that a widow may recover for the homicide of her husband, and plaintiff's suit is based upon the cause of action therein given her.　This statute does not profess to revive the cause of action for the injury to the deceased in favor of his

widow, nor is such its legal effect; but it creates a new cause of action, in favor of the widow, unknown to the common law. The right of action given by the statute is for the *homicide* of the husband, in all cases where the death results from a crime, or from criminal or other negligence, and is founded on a new grievance — namely, his homicide, and is for the injury thereby sustained by the widow and children, to whose exclusive benefit the damages must enure, as, under section 3829 of the Civil Code, "in the event of a recovery by the widow, she shall hold the amount recovered, subject to the law of descents, as if it had been personal property descending to the widow and children from the deceased, and no recovery had . . shall be subject to any debt or liability of any character of the deceased husband." The widow's right of action for the wrongful homicide of her husband can not exist at all until he is actually dead, and she can not, as a matter of course, bring suit before her cause of action comes into life. The statute of limitation begins to run from the time the right of action accrues, that is, as soon as the party is entitled to apply to the proper tribunal. Angell on Lim. (6th ed.) § 42. It is clear, therefore, that the statute of limitations which began to run against the husband from the date his right of action accrued, namely, the time the injuries were inflicted, could not be pleaded against the plaintiff in a suit for his homicide, alleged to have been caused by the same injuries: because she had no right of action until her husband died, and the statute could not run against a right of action before it came into existence. What we now rule is evidently not in conflict with the adjudications of this court to the effect that, where the widow sues for the homicide of her husband, the defendant may set up any defense which might have been pleaded to the merits of the issue, if a suit had been brought by the husband for injuries to his person.

2. It is contended that no cause of action is set forth in the plaintiff's petition, because it appears therefrom that the death of plaintiff's husband did not occur within a year and a day from the date of the infliction of the injuries which it is alleged caused his death. As the widow could not sue until her cause of action accrued, and as the cause of action given her by the

statute did not accrue until her husband's death, it would be unreasonable to hold that she had no cause of action where a year and a day had elapsed, after the injury, before death occurred. The statute provides that a widow may recover for the homicide of her husband, and that the word "homicide" shall be held to include all cases where the death of the husband results from a crime or from criminal or other negligence. To hold that she can not recover for the death of her husband unless it occurs within a year and a day from the time the injury is inflicted, would be to qualify an express and unconditional right which the law confers upon her. The case of Louisville etc. R. R. Co. v. Clarke, 152 U. S. 230, was an action brought in the Circuit Court of the United States for the District of Indiana, by the executor of a deceased person, under a statute of Indiana, against the plaintiff in error (defendant below), to recover damages for the death of the plaintiff's testator, alleged to have been caused by the wrongful act of the defendant. The casualty by which the plaintiff's testator was injured was alleged to have taken place Nov. 25, 1886, and the death to have happened, by reason of his injuries, Feb. 23, 1888. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, contending that, as the death did not occur until after the expiration of a year and a day from the infliction of the injury, it could not be held, in law, to have been caused by the act of the defendant. The demurrer was overruled, and the trial resulted in a verdict and judgment for the plaintiff, and the case was carried, by writ of error, to the Supreme Court of the United States. Mr. Justice Harlan, in delivering the opinion of the court, after full reference to the common-law rule of a year and a day as applicable to prosecutions for murder, appeals of death, and inquisitions against deodands, said : "In our judgment, the rule of a year and a day is inapplicable to the case before us. In prosecutions for murder the rule was one simply of criminal evidence. Appeals of death and inquisitions against deodands, although having some of the features of civil proceedings, were, in material respects, criminal in their nature. Besides, as we have seen, the statute of 6 Edw. 1, c. 9, was con-

strued [See Bacon's Abridg. Title Appeal, D.; 2 Inst. 320, Title Appeal, D.] as giving a year and a day from the death of the party killed, not from the time the wound was inflicted. And we do not understand that any different construction was placed on the statute of 3 Hen. 8, c. 1, to which counsel referred. But be that as it may, in prosecutions for murder and appeals of death, the principal object was the punishment of public offenses. In cases of murder and appeals of death, human life was involved, while in inquisitions against deodands it was sought to forfeit property that had caused the death of some one. In such cases the rule of a year and a day might well have applied. But actions under a statute like the one in Indiana are, in their nature and consequence, wholly of a civil character. What the legislature had in view was to make provision for the widow and children, or next of kin, of one whose death had been caused by the wrongful act or omission of another. The reasons upon which the rule of a year and a day [was] applied in the above-mentioned cases at common law do not apply with the same force in purely civil proceedings that involve no elements of punishment, but only provide compensation to certain relations of the decedent who have been deprived of his assistance and aid. As the statute, according to the construction placed upon it by the highest court in Indiana, allows the personal representative to sue within two years after the death of the testator or intestate, where death was caused by the wrongful act or omission of the defendant, we can not, by mere construction, restrict that right to cases in which the death occurred within a year and a day after such act or omission. We repeat that, where death was *caused* by the wrongful act or omission of another, the right of the personal representative, suing for the benefit of the widow and children or next of kin, to recover damages on account of such death, is complete under the statute, and may be asserted by action brought at any time within two years from the death." See also Purcell *v.* Laurer, 43 N. Y. Supp. 988, and Schlichting *v.* Wintgen, 25 Hun, 626.

In cases of this kind the jury must determine whether in fact the death resulted from the injury, and in so doing the lapse

of time between the injury and the death is a circumstance to be considered by them, in connection with the other evidence in the case; and where a considerable period has elapsed between the injury and the death, the proof should be clear and strong that the injury was the proximate cause of the death.

There was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concurring.*