## ENGLE *v.* FINCH.

A wife, when suing for the homicide of her husband, under section 4425 of the Civil Code (1910), can not recover, in addition to a sum representing the full value of the husband's life, a sum for punitive and exemplary damages, as provided in section 4503 of the Civil Code (1910), although the evidence authorizes an inference that the homicide of the husband was proximately caused by the wilful or wanton act of the defendant.

No. 5914. OCTOBER 15, 1927.

The Court of Appeals (in Case No. 17176) requested instruc-

---

Death, 17 C. J. p. 1181, n. 3; p. 1185, n. 38; p. 1194, n. 5, 11; p. 1318, n. 30; p. 1320, n. 31; p. 1321, n. 41, 42.

tion from the Supreme Court upon the question clearly indicated by the headnote.

*Branch & Howard* and *Bond Almand,* for plaintiff in error.

*Alston, Alston, Foster & Moise,* contra.

HINES, J. At the common law no recovery could be had for an injury resulting in death, because the right of action died with the person. So a widow or child could not recover for the homicide of the husband or parent, and the husband could not recover for the homicide of his wife. *Southwestern R. Co.* v. *Paulk,* 24 *Ga.* 356, 362; *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409, 433; *Seaboard Air-Line Railway* v. *Brooks,* 151 *Ga.* 625 (107 S. E. 878). This was changed in England, by Lord Campbell's act, which was passed in 1846. The common-law rule was changed in this State by the act of 1850. That act provided that "In all cases hereafter, where death shall ensue from or under circumstances which would entitle the deceased, if death had not ensued, to an action against the perpetrator of the injury, the legal representative of such deceased shall be entitled to have and maintain an action at law against the person committing the act from which the death has resulted; one half of the recovery to be paid to the wife and children, or the husband of the deceased, if any, in case of his or her estate being insolvent." Cobb's Digest, 476. Lord Campbell's act and our act of 1850 are substantially the same. Neither act provided any measure of recovery. In construing Lord Campbell's act the English courts held that that act was compensatory, and that vindictive, punitive, or exemplary damages could not be recovered thereunder. Flemington *v.* Smithers, 12 Eng. C. L. Rep. 578; Sykes *v.* Northeastern Railway Co., 32 L. T. Rep. N. S. 199; Smith *v.* London and Northwestern Ry. Co., 118 Eng. Rep. (Reprint) 694. In construing our act of 1850, this court construed it as the English courts had construed Lord Campbell's act; and in *Southwestern R. Co.* v. *Paulk,* supra, this court, speaking through Judge Lumpkin, said: "It is admitted that in actions of this sort the jury can not find vindictive, punitive or exemplary damages; and that they are confined to injuries of which a pecuniary estimate can be made." By the act of 1856 it was provided "that if any one shall be killed by the carelessness, negligence, or improper conduct of any of said railroad companies, their officers, agents, or employees, by the run-

ning of the cars or engines of any of said companies, that the right of action to recover damages shall vest in his widow, if any; if no widow, it shall vest in his children, if any; and if no child or children, it shall vest in his legal representatives." Acts 1855-6, p. 155.

In construing the act of 1850, as amended by the act of 1856, this court laid down the measure of damages as "the pecuniary damages to the wife from the homicide, to be ascertained by inquiring what would be a reasonable support, according to the circumstances in life of the husband, as they existed at his death, and as they may be reasonably expected to exist in view of his character, habits, occupation, and prospects in life, and when the annual money value of that support has been found, to give, as damages, its present worth, according to the expectation of the life of the deceased, as ascertained by the mortuary tables of well-established reputation." *Macon & Western R. Co.* v. *Johnson,* supra. In the opinion in that case it was said that "it was intended only to give to the wife damages for her loss, or, if no wife, then to the children, for their loss. What, then, is the loss of the wife? Her legal loss? It is that which she was, by law, entitled to from her husband, a reasonable support, according to his condition in life." In *David* v. *Southwestern Railroad Co.,* 41 *Ga.* 223, the widow died pending a suit by her for the homicide of her husband; and this court held that the right of action for such homicide survived to the children, and that the measure of damages was the injury to the children, to be measured, as in the case of the widow, by a reasonable support for them, according to the condition in life, etc., of the father, and according to the expectation of his life as found by the mortuary tables. In *Atlanta &c. Ry. Co.* v. *Ayers,* 53 *Ga.* 12, this court said: "The rule given in the case of the *Macon and Western Railroad Company* v. *Johnson,* 38 *Ga.* 408, for estimating damages where a suit is brought by a widow for the homicide of her husband, and no fault is proven on the part of the deceased, is affirmed. But the amount that such a rule would give should be lessened in proportion to the contributory negligence of the husband in causing his death." By the act of December 16, 1878 (Acts 1878-79, p. 59), the law upon this subject was so amended as to provide that the widow or child or children might recover the full value of the life of the deceased husband

or parent, as shown by the evidence. This is still the law. Civil Code (1910), § 4425.

This is a legislative imposition of a penalty upon the person who causes the death of another by negligence, the penalty to go to the person injured. It is penal in that the measure of the recovery is the full value of the life of the deceased, irrespective of its real value to the person in whom the cause of action is vested. *Savannah Electric Co.* v. *Bell,* 124 *Ga.* 663 (53 S. E. 109) ; *Atlanta &c. R. Co.* v. *McDilda;* 125 *Ga.* 468 (54 S. E. 140, 114 Am. St. R. 240). In a case of aggravating circumstances, can the jury give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff? "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." Civil Code (1910), § 4503. To hold that the jury can award additional exemplary damages under this section would have the effect of imposing upon the person committing the homicide a double penalty. While the legislature could impose double damages, such intention is not to be imputed to it, except in cases which are clear and free from doubt. The right to sue at all depends upon this statute. The amount of recovery is fixed by it, and excludes exemplary or puni-tive damages. The measure of damages is the full value of the life of the deceased husband or parent. The statute giving the right of action and fixing the measure of damages, we can not hold that it was the intention of the legislature to permit the re-covery of additional damages under section 4503 of the Code. So we are of the opinion that the question propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur.*