## 17126.  ENGLE v. FINCH.

STEPHENS, J.  1. As held by the Supreme Court in answer to a certified question in this case (165 *Ga*. 131, 139 S. E. 868), "a wife, when suing for the homicide of her husband, under section 4425 of the Civil Code (1910), can not recover, in addition to a sum representing the full value of the husband's life, a sum for punitive and exemplary damages, as provided in section 4503 of the Civil Code (1910), although the evidence authorizes an inference that the homicide of the husband was proximately caused by the wilful or wanton act of the defendant." In a suit by the wife to recover for the homicide of her husband, where the evidence authorized the inference that the husband was killed as a result of the wilful and wanton conduct of the defendant, it was error for the trial judge to charge that if the jury believed that the conduct of the defendant in causing the injury which resulted in the husband's death was gross negligence or wilful, reckless or wanton, the jury would be authorized to add to the sum ascertained as the value of the life of the husband a sum as exemplary or punitive damages for the purpose of deterring the wrong-doer from repeating the trespass or wrong.

2. In a suit for damages for the homicide of the plaintiff's husband, where it is alleged that the deceased, when traveling as a passenger in an automobile, came to his death as a result of its being wrecked by the negligence of the defendant, who was the driver, in running into two poles on the side of the highway while operating the automobile at a rate of speed in excess of thirty miles an hour, and where the evidence authorizes the inference that the automobile was proceeding along the highway toward a bridge at a rate of speed in excess of ten miles an hour, and that when it was wrecked it was about three hundred and six feet from the bridge, a charge of the court that if the defendant was operating the automobile at a rate of speed in excess of ten miles an hour as he approached a bridge, this would constitute negligence per se but not necessarily gross negligence, was applicable to the issues presented by the evidence, and was not error.

3. Where an automobile is wrecked by the negligence of the driver, and another person riding therein at the time is killed as a result of such negligence, but where the person killed had no control over the movements of the driver in operating the automobile, the driver's negligence is not imputable to him. *Fuller* v. *Mills*, 36 *Ga. App.* 357 (136 S. E. 807).

4. A witness may testify as to his estimate of the speed at which an automobile was traveling upon a particular occasion, although he may have testified that at the time when the automobile was making that speed he made no estimate of it. Such evidence is not rendered inadmissible by the fact that the witness had just previously testified that he could not say how fast the automobile was running, as he did

Death, 17 C. J. p. 1314, n. 74.

Motor Vehicles, 42 C. J. p. 1177, n. 94; p. 1226, n. 82, 87 New; p. 1284, n. 48.

Witnesses, 40 Cyc. p. 2762, n. 5.

not see it until after it had crashed into the poles. That these two statements may be conflicting does not render either inadmissible, but this fact may be considered by the jury as going to the credit of the witness, and the jury may give to the testimony of the witness such weight as they see fit. Besides, the witness may, from hearing the noise which the automobile made while in motion and from hearing the impact when it collided with the poles and from observing its condition after it had been wrecked, form an estimate of the speed at which the automobile was traveling, although the witness did not see the automobile. A witness is presumed to speak from his knowledge, in the absence of anything to the contrary.

5. Testimony by a witness that several days after the wreck of the automobile he estimated how fast it was traveling and judged that it was traveling at a certain speed, as above indicated, was not inadmissible upon the ground that the attention of the witness was not attracted to the automobile until it crashed into the poles.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 17, 1927.

Damages; from city court of Atlanta—Judge Reid. November 21, 1925.

*Branch & Howard,* for plaintiff in error.

*Alston, Alston, Foster & Moise,* contra.