21266.   DAMERON *v.* SOUTHERN RAILWAY COMPANY.

DECIDED DECEMBER 19, 1931.

*E. R. Hill, Morgan S. Belser, Paul S. Etheridge & Son,* for plaintiff.

*McDaniel, Neely & Marshall,* for defendant.

JENKINS, P. J. It is provided by the Civil Code (1910), § 2782, that "every common carrier by railroad shall be liable in damages to any person suffering injury while he is employed by such carrier, or, in case of death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband, or child, or children of such employee, and if none, then of such employee's parents, and if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defects or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road-bed, works, boats, wharves, or other equipment . .'" This section and the seven succeeding sections constitute what is known as the employer's liability act. By section 2786 it is provided that "no action shall be maintained under the four preceding sections unless commenced within two years from the day the cause of action accrued." The only question to be determined in this case is whether, under the limitation provided by the act, the instant suit was barred by reason of the lapse of more than two years from the date of the injury to the decedent to the filing of the suit. The language of the statute is plain that the action must be instituted within two years from the accrual of the cause of action. It is insisted by counsel for the defendant in

error that the cause of action accrued on the date of the injury to the decedent, and became barred upon the expiration of two years from that date. If the suit were by the injured employee, and had not been instituted within two years from the date of his injury, unless there existed some fact which might toll the statute, there could be no question that it would be barred. The instant action is not, however, maintained by the injured employee, but is instituted by his mother, seeking to recover on account of his death. It would not seem that her cause of action could have accrued earlier than the date of his death, or that it could be barred by the limitation embodied by the statute until the expiration of the statutory period of limitations after his death.

It is insisted, however, by counsel for the defendant in error, that the mother's cause of action is but a survival of the cause of action which had existed in the son, and that since the son's cause of action had become barred by the statute of limitations before he died, the mother's cause of action was likewise barred. In support of this contention counsel cite *Southern Bell Telephone & Telegraph Co. v. Cassin*, 111 *Ga.* 575 (36 S. E. 881, 50 L. R. A. 694); in which the Supreme Court held: "An action for the homicide of a husband or father, alleged to have been occasioned by a physical injury, is not maintainable when it appears that he, while in life, voluntarily settled with the wrong-doer therefor and discharged the latter from all liability for the damages resulting therefrom." In the *Cassin* case there are exhaustive opinions by Justice Simmons, speaking for the majority of the court, and by Justice Cobb, speaking for himself and Justice Lewis, who dissented. In the majority opinion, however, the court makes it clear that the cause of action which existed in the widow for the homicide of her husband was not merely a survival of the cause of action which had, previously to his death, existed in the husband for the injury to his person. In the opinion in the *Cassin* case it is said: "The right of the plaintiff to recover in this case notwithstanding the release is said to grow out of the language of our statutes creating two causes of action; one for the injury and the other for the homicide; and that a settlement of one is not a settlement of the other; it being urged that the survival act of 1889 (Civil Code, § 3825), logically supports the theory that the two suits may proceed concurrently, and that a recovery for the injury would not be a

bar to a recovery for the death. And Vicksburg & M. R. R. *v.* Phillips, 64 Miss. 693, (2 So. 537), and Davis *v.* St. L. R. R., 53 Ark. 117, (13 S. W. 801, 7 L. R. A. 283), which are relied on, certainly sustain the proposition that 'concurrent suits may be maintained.' But the right to maintain concurrent suits is not involved in this case. What we are to determine is the effect of a release. The two questions are not identical. If the effect of a release is to destroy the vital principle of the cause of action, neither single nor concurrent suits can spring therefrom. If, however, no release has been signed, and the injured party dies leaving in force a live cause of action, there might arise the question whether, from this living germ, only one suit, or concurrent suits, could spring. If a release wipes out the wrong done by the defendant, and makes it as though no injury had been suffered, then upon the death of the injured party there would be no cause of action, just as though there had been no injury, and it would not be a question as to the right to maintain two concurrent suits, but as to the right to maintain any suit at all." It will thus be seen that the decision in the *Cassin* case did not turn upon the question as to when the right of action arose in favor of the plaintiff, but turned upon the effect of the release executed by the decedent prior to his death.

To the same effect is Mellon *v.* Goodyear, 277 U. S. 335 (48 Sup. Ct. 541, 72 L. ed. 906), dealing with the provisions of the Federal employer's liability act (45 N. S. C. A. §§ 51-59), which contains a limitation similar to that embodied in § 2786 of our Code. In the Goodyear case the Supreme Court of the United States refers to its former decision in Michigan Central R. Co. *v.* Vreeland, 227 U. S. 59 (33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176), where it was held that the employee's right of action to recover such damages as would compensate him for expenses, loss of time, suffering, etc., did not survive his death, but that the existence of such right in the employee's lifetime did not destroy the dependant's right under the statute to recover for pecuniary damages consequent upon the death, and quotes from the opinion of Mr. Justice Lurton in the Vreeland case as follows: "We think the act declares two distinct and independent liabilities, resting, of course, upon the common foundation of a wrongful injury, but based upon altogether different principles." It is

further pointed out in the Goodyear case that since the decision in Michigan Central *v*. Vreeland, Congress had, by the act of April 5, 1910 (36 Stat. 291, c. 143), amended the Federal employer's liability act to provide for the survival of the right of action given under the act to a person suffering injury, and that since the act of 1910, in St. Louis & Iron Mountain R. Co. *v*. Craft, 237 U. S. 648 (35 Sup. Ct. 704, 59 L. ed. 1160), it had been held that the administrator of a deceased employee might recover damages both on account of the pecuniary loss to the dependants coming within the statute, and on account of conscious pain and suffering by the decedent. In both the *Cassin* case and the Goodyear case it is held, however, that a settlement by the person injured, prior to his death, of the right of action arising by reason of the injury to him, will bar a recovery for his subsequently resulting death, and it is insisted by counsel for the defendant in error in this case that since a settlement by the person injured, or a prior recovery by him (Seaboard Air-Line Ry. *v*. Oliver, 261 Fed. 1), will bar a recovery on account of his subsequent death, his action in permitting the cause of action which existed in his favor to become barred by the lapse of the statutory period of limitations prescribed by the act will likewise bar a recovery on account of his subsequent death resulting from the injury. But a statute of limitations is a statute of repose. It is not intended to destroy the right of action which existed in favor of a complaining party, but to prevent the maintenance of a suit thereon, and thus afford security against stale demand. *Fain* v. *Garthright, 5 Ga.* 6, 12; *Paschal* v. *Davis, 3 Ga.* 256, 265. It would not seem, therefore, that the rule laid down in *Southern Bell Telephone & Telegraph Co.* v. *Cassin,* supra, could be extended to the point of holding that mere inaction on the part of a person injured by the wrongful act of another, and his failure to bring a suit until the expiration of the period of limitations, could not wipe out the wrong done by the defendant, as the *Cassin* case holds would be the effect of a release executed in his lifetime by the injured party, so as to bar the right of action in favor of his dependants on account of the homicide, which, although resting on the injury to the decedent, could not come into being so as to support a suit until his death.

In *Spradlin* v. *Georgia Railway & Electric Co., 139 Ga.* 575 (77 S. E. 799), the Supreme Court seems to have restricted the doc-

trine announced in the *Cassin* case to this extent. In that case a person injured brought suit against a railway company, and pending the action died. The suit was prosecuted by his administrator under the Georgia survival statute, and the trial resulted in a verdict in favor of the defendant. After the death of the injured person and pending the prosecution by his administrator of the suit instituted by the decedent, his widow brought suit against the same company to recover for his homicide, alleging that he died in consequence of the injuries on account of which he had filed suit. The majority of the court held that the plea of the defendant in the second suit, setting up the judgment in its favor in the first suit as a bar to the widow's action, was improperly sustained. The principle announced in the *Spradlin* case was adhered to by the Supreme Court in *Nashville, Chattanooga & St. Louis Ry. Co.* v. *Hubble,* 140 *Ga.* 368, 374 (78 S. E. 919, L. R. A. 1915E, 1132).

The exact question involved in the instant case seems to have been determined by the Supreme Court in *Seaboard Air-Line Ry.* v. *Brooks,* 151 *Ga.* 625 (107 S. E. 878), in which the headnote is as follows: "Where a suit to recover damages for the homicide of an employee of a railway company is brought under the Federal employer's liability act by the administratrix of the deceased employee, the action is barred by the statute of limitations where it was commenced more than two years after the date of the homicide sued for, but within two years from the date of the appointment of the administratrix." In that case Justice Gilbert, construing the language of the Federal statute, which is almost identical with the limitation imposed by the Georgia statute, holds that the "cause of action 'accrues' upon the *death* of the employe." (Italics ours.) It would seem, therefore, that the cause of action in the instant case did not and could not accrue until the death of the plaintiff's son. In *Western & Atlantic R. Co.* v. *Bass,* 104 *Ga.* 390 (30 S. E. 874), which did not involve the employer's liability act, but in which the suit was based on the provisions of the Civil Code authorizing a recovery for wrongful death, the Supreme Court said: "The right which the statute (Civil Code, §§ 3828 and 3829) gives to the widow to recover for the homicide of her husband, when his death results from a crime or from criminal or other negligence, can not exist until he is actually dead; and the statute of limitations begins to run from the date of his death, and not from the

time at which the injury was inflicted which caused the death." There seems to be nothing in the employer's liability act, or in any decision rendered thereunder, which would take the instant case from without the general rule stated by the Supreme Court in the *Bass* case. We think, therefore, that the court erred in holding that the instant suit was barred by the statute of limitations.

*Judgment reversed. Stephens and Bell, JJ., concur.*