KING *v.* PATELLIS, administrator.

No. 10192. SEPTEMBER 28, 1935.

*John M. Slaton,* for plaintiff in error.

*J. Wightman Bowden* and *Leonard S. Pennisi,* contra.

ATKINSON, Justice. On November 3, 1932, Economos Patellis, as administrator of the estate of George Argos, instituted an action for damages against C. H. King for the negligent homicide of George Argos. The petition alleged that the homicide occurred in the operation of an automobile on the evening of January 17, 1930; that Argos had never married; that his parents predeceased him, and his next of kin was a dependent brother Jim Argos, to whose support George Argos contributed regularly a stated sum per month for five years before the death of George Argos; and that the estate of George Argos, deceased, was not represented until the petitioner's appointment as administrator on January 6, 1932. The petition was dismissed on demurrer on the ground that the cause of action was barred by the statute of limitations. The plaintiff excepted. The judgment of the trial court was reversed by the Court of Appeals. The case came to the Supreme Court by writ of certiorari to the judgment of the Court of Appeals.

The controlling question for decision is whether section 4496 of the Code of 1910, allowing four years after the right of action

accrues within which to sue for "injuries to personalty," applies to the case. The Code of 1910, § 4424, as amended by section 1 of the act approved August 18, 1924 (Ga. L. 1924, p. 60), declares: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife; and if she leaves child or children surviving, said husband and children shall sue jointly and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit, if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leaves a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child. In cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed; in which event the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin." Section 4425 as amended by section 2 of the act approved August 18, 1924, is as follows: "The word homicide, used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence. Where recovery is had by the administrator, the measure of recovery shall be as provided in the preceding section, and the administrator shall hold the amount of the recovery for the benefit of the next of kin, if dependent, or to whose support the deceased contributed. In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased; and no recovery had

under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband or parent. The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased had he lived." It is declared in the Code of 1910, § 4496: ' "Actions for injuries to personalty shall be brought within four years after the right of action accrues." And in § 4497: "Actions for injuries done to the person shall be brought within two years after the right of action accrues, except injuries to the reputation, which shall be brought within one year."

After quoting sections 4496 and 4497, the decision of the Court of Appeals proceeded: "The common-law rule that an action for the death of a human being will not lie has been changed by statutes in this State, now embodied in sections 4424 and 4425 of the Civil Code, codifying the act of 1850 and successive amendments. Those sections, prior to the amendment of 1924 (Ga. L. 1924, pp. 60, 61), gave a right of action for negligent homicide to three classes of persons: (1) a widow, child, or children, for the death of the husband or father; (2) a husband, child, or children, for the death of the wife or mother; and (3) a dependent mother or father for the death of a child. In each of these groups, the statutory right to recover is based upon a substitution of the party or parties suing in the place of the deceased, and the measure of damages is the full value of the life to the deceased, and not to the plaintiff or plaintiffs. The right of recovery does not depend upon the amount of loss of services or of any property right. Consequently, the essence of the action being the injury to the person of the deceased, Code section 4497 controls the period of limitation, which is within two years from the death. *Atlantic, Valdosta & Western R. Co.* v. *McDilda,* 125 *Ga.* 468, 471 (54 S. E. 140, 114 Am. St. R. 240) ; *Engle* v. *Finch,* 165 *Ga.* 131, 132, 134 (139 S. E. 868) ; *Western & Atlantic R. Co.* v. *Bass,* 104 *Ga.* 390, 392 (30 S. E. 874) ; *So. Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575, 576-578 (36 S. E. 881, 50 L. R. A. 694) ; *Chapman* v. *Central of Ga. Ry. Co.,* 20 *Ga. App.* 251 (2), 254 (92 S. E. 1025) ; *Williams* v. *Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 164 (2), 165 (125 S. E. 769). The amendment of 1924, however, added a new and fourth class of persons entitled to recover,

by providing that, 'in cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed, in which event *the amount of recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin'* [italics ours]; and that 'the administrator shall hold the amount of the recovery for the benefit of the next of kin, if dependent, or to whose support the deceased contributed.' Park's Code Supp. 1926, and Michie's Code, §§ 4424, 4425. The effect of this amendment as to the right of action thereby created, unlike the three preceding classes of actions, was not to substitute the next of kin or the administrator representing them in the place of the deceased and allow a recovery based upon the value of his own life, so as to make the action one for a personal injury; but it was to compensate dependent next of kin for their actual property loss, measured 'by the extent of the dependency or the pecuniary loss sustained' by them. A suit by an administrator in behalf of a dependent brother of a deceased person, being analogous to a suit by a father for loss of the services of his child, or by a master for loss of the services of his employee, concerns a property right, and Code section 4496, allowing four years after the right of action accrues within which to sue for 'injuries to personalty,' controls the right of action in such a case. See *Frazier* v. *Ga. R. Co.*, 101 *Ga.* 70 (28 S. E. 662); *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (2, 3), 364 (108 S. E. 311). The case of *Seaboard Air-Line Ry. Co.* v. *Brooks*, 151 *Ga.* 625 (107 S. E. 878), involved a construction of the limitation provision in the Federal employers' liability act, and is inapplicable to this case."

The conclusion by the Court of Appeals in the last part of the foregoing excerpt, that the action involves a property right and is controlled by the said Code § 4496, fixing a four-year period of limitations, is based on a supposed analogy to the cases where the relation of the plaintiff to the person killed was master and servant or father and minor child, as dealt with in *Frazier* v. *Georgia Railroad & Banking Co.*, 101 *Ga.* 70 (supra). The cases are not sufficiently analogous to support the conclusion reached. In the cases mentioned the master has a legal right to the services of his

servant, and for an infraction of such right by a third person he has a right of action against the wrong-doer for damages. And for similar reasons the father has a legal right of action for injury to his minor child. These points were stressed as basis for the decision in *Frazier* v. *Ga. R. Co.*, supra. But in the relation of brothers there is no such obligation or right. No brother has a legal right to the services of his brother or to a support from him. If a brother voluntarily contributes to his dependent brother either in services or money, such contribution is a mere gratuity. The expectancy of receiving any such contribution in the future is not an obligation which the donee could enforce, and is not a property right in the life of his brother. The most that can be said of the said amendatory statute of 1924 is that it created a statutory liability for damages for homicide as injury to the person within the meaning of the Civil Code, § 4497, supra. A case more analogous decided by this court is *Atlantic, Valdosta & Western Railroad Co.* v. *McDilda,* 125 *Ga.* 468 (supra), where it was held (all the Justices concurring) that "an action by a wife to recover damages for the negligent homicide of her husband is an action for an 'injury done to the person,' and must be brought within two years after the date of the death of the husband." The ruling of the Court of Appeals was erroneous.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent.*