## HARTWELL v. PIPER AIRCRAFT CORPORATION.

### Civ. A. No. 3379.

United States District Court
M. D. Pennsylvania.

Aug. 9, 1950.

Alton S. Bradford, Washington, D. C., Wallace G. Moser, Scranton, Pa., for plaintiff.

Walter W. Harris (of O'Malley, Harris, Harris & Warren), of Scranton, Pa., for defendant.

WATSON, Chief Judge.

Shirley W. Hartwell, the plaintiff, filed her complaint, and thereby commenced her action in this Court, on April 11, 1949. In her complaint the plaintiff alleges that on May 26, 1947, near Broward Airport in the State of Florida, an airplane in which John R. Hartwell, her husband, was a passenger fell and struck the earth because of the negligence and breach of warranty of Piper Aircraft Corporation, defendant, resulting in the death of the said John R. Hartwell.

Defendant moves for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that an action to recover damages for death commenced more than one year after death is barred by the Pennsylvania Statute of Limitations. The Pennsylvania Statute, Act of 1855, P.L. 309, 12 P.S. § 1603, granting a right of action for wrongful or negligent death, fixes the time for institution of such action within one year after the decedent's death.

Plaintiff opposes the motion on the ground that the limitation prescribed by the statute of the State of Florida, where the cause of action arose, is applicable, because her claim is based upon the remedy provided by the Florida Statutes. The Florida Statute, Section 95.11, Florida Statutes Annotated, provides that an action arising upon account of an act causing a wrongful death can only be commenced within two years.

The only question presented by the motion is whether the Pennsylvania or Florida Statute of Limitations governing death actions applies in this case.

Mr. Justice Horace Stern of the Pennsylvania Supreme Court, in the recent case of Foley, Executrix, v. Pittsburgh-Des Moines Company, et al., 1949, 363 Pa. 1, 68 A.2d 517, 522, stated the law of Pennsylvania regarding the proper application of Statutes of Limitations, as follows: "As to the Statute of Limitations, a suit on a cause of action created by a statute which limits the time in which an action may be brought must be started within that time, but if the law of the forum provides a shorter period the action must be brought within the period thus prescribed: Goodrich on Conflict of Laws, p. 171, § 86; Wharton on Conflict of Laws, Vol. 2, 3d ed., p. 1264; Restatement, Conflict of Laws, Section 603 and comment a; Rosenzweig, Administratrix v. Heller, 302 Pa. 279, 281, 282, 153 A. 346."

272

The conflict of laws rules to be applied by this Court must conform to those prevailing in Pennsylvania's state courts. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U. S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Pennsylvania statute applies as to the time for the institution of this action. This action was instituted April 11, 1949, not within one year after May 26, 1947, the date of death of plaintiff's decedent, and, therefore, the action is barred by the Pennsylvania Statute of Limitations and the defendant is entitled to judgment as a matter of law.

An appropriate order will be filed herewith granting defendant's motion and directing the entry of judgment in favor of defendant and against the plaintiff.