George R. BLUE, as Administrator of the Estate of Virginia Carole Blue

v.

Carl N. MAICO and Fulton Air Service, Inc., a Georgia corporation.

Civ. A. No. 8053.

United States District Court
N. D. Georgia,
Atlanta Division.

May 23, 1963.

Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for plaintiff.

Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., for defendant Maico.

Sheats, Parker & Webb, Atlanta, Ga., for defendant Fulton Air Service.

MORGAN, District Judge.

The complaint in the above-styled case was filed on September 5, 1962, seeking recovery for a wrongful death as the result of an airplane crash which occurred near Chester, Pennsylvania, on September 5, 1960. The defendants Carl N. Maico and Fulton Air Service, Inc., have filed motions to dismiss the complaint inasmuch as the right of action set forth is alleged to be barred by the Statutes of Limitation of both the State of Pennsylvania and the State of Georgia.

The Pennsylvania death action statute provides a one-year limitation on such actions. 12 P.S.Pa. § 1603. Hartwell v. Piper Aircraft Corp., 3 Cir., 92 F.Supp. 271. Therefore, under no circumstances could this action be maintained should Pennsylvania law govern this case.

■■ Where torts are committed beyond the territorial jurisdiction of the sovereignty in which the action is brought, the *lex fori* governs, no matter whether the right of action depends on the common law or the local statute, unless the statute which creates or confers the right limits the duration of such right to a prescribed time. O'Shields v. The Georgia Pacific Railway Company, 83 Ga. 621, 10 S.E. 268, 6 L.R.A. 152. Judge Taylor said, in Cauley v. S. E. Massengill Company, D.C., 35 F.Supp. 371:

"Statutes of limitation being designed according to the sound policy of each state for itself to put at rest litigation after the lapse of certain varying periods of time cannot be extended by the legislatures of foreign states, and I am unable to accept the argument made in support of the contention that there may be cases in which the right is so inextricably a part of the remedy that the *lex loci* would control the pursuit of the right after its pursuit in the forum is barred by statutes of the forum."

An action for death caused in another state may and must be brought within the time designated by the laws of such other state regardless of the time fixed by the law of the state in which the ac-

tion is brought. Where, however, the statute under which the action is brought contains no special limitation or where the limitation contained therein is construed as relating only to the remedy and not as a condition to the right itself, the applicatory statute of limitations of the forum governs.

■ The general rule is that the law of the forum governs with respect to the limitation of actions. 15 C.J.S. Conflict of Laws § 22, Page 953.

■ Under Georgia law, an action for damages *for a homicide is an action for injury done to the person and must be brought within two years from the time of the injury. King v. Patellis, 181 Ga. 157, 181 S.E. 667; Atlantic, Valdosta & Western Railroad Company v. McDilda, 125 Ga. 468, 54 S.E. 140.

■ Both the Georgia Supreme Court and the Georgia Court of Appeals have ruled that actions such as this one which were filed on the same date as the date on which the injury had occurred two years previously are barred by the statute of limitation which requires such actions to be brought within two years after the right of action accrues. Gibson v. Kelley, 88 Ga.App. 817, 78 S.E.2d 76; Peterson v. Georgia Railroad & Banking Company, 97 Ga. 798, 25 S.E. 370. Where the computation of time is to be made from an act done, the day on which such an act is done is to be included. Peterson v. Georgia Railroad & Banking Company, supra.

■ ■ In accordance with the above-cited authorities, it is the opinion of this Court that the law of the State of Georgia, the *lex fori,* governs the period within which this action should be filed and, under the expression of opinion of the Appellate Courts of Georgia referred to above, this present action is barred by the two-year statute of limitation.

Therefore, the motions of the defendants are granted, and the complaint is hereby dismissed.

It is so ordered.