### 46831. ROESCHER v. LEHIGH ACRES DEVELOPMENT, INC. et al.

BELL, Chief Judge. The question in this appeal is whether a mother suing for the full value of her deceased child's life may in addition sue for punitive damages and attorney's fees. The issue is not open to us for decision as the Supreme Court has decided the issue adversely to the plaintiff-appellant. See *Engle v. Finch,* 165 Ga. 131 (139 SE 868). The trial court's judgment striking that issue from the case is

*Affirmed. Eberhardt, J., concurs. Evans, J., concurs specially.*

ARGUED JANUARY 4, 1972—DECIDED JANUARY 14, 1972—REHEARING DENIED FEBRUARY 2, 1972—

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, John L. Taylor, Jr.,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., J. Arthur Mozley,* for appellees.

EVANS, Judge, concurring specially. I am most reluctant to concur in the majority holding in this case, to the effect that a mother, suing for the full value of her deceased child's life, is not entitled to sue also for punitive damages, where the tort which caused the homicide was committed in a wilful and wanton manner. The majority feels bound by the Supreme Court's holding to this effect in the case of *Engle v. Finch,* 165 Ga. 131 (139 SE 868).

The *Engle* case was written in 1927, and ever since that time it has stood alone and lonely. I find no other case decided by our Supreme Court on this point since then. It followed the pattern set by Justice Lumpkin in 1858 in the case of *Southwestern R. Co. v. Paulk,* 24 Ga. 356, 362, in which case it was pointed out that our wrongful death statute was enacted in 1850, following the Lord Campbell Act (of England) in 1847. The English courts had construed the Lord Campbell Act as not to allow vindictive, exemplary or punitive damages, and Justice Lumpkin and our Supreme Court followed the English courts.

But our present wrongful death statute was enacted in 1878 (Ga. L. 1878-79, p. 59) allowing the widow or child to recover the full value of the life of the deceased husband, or parent, as shown by the evidence, whereas previously the right of recovery was in the legal representative of the deceased. This statute was amended in 1924 (Ga. L. 1924, p. 60) to allow not only minor children, but children sui juris to bring such action, and is codified as *Code* §§ 105-1302, 105-1309.

But what is not properly taken into account by our Supreme Court is that in 1863 there came into existence a statute providing for *additional damages* that could not be recovered prior thereto (Code of 1863, Sec. 2998; now *Code*

§ 105-2002) and which provides: "In *every tort* there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give *additional damages,* either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." (Emphasis supplied). This is clearly an expression of the law-makers to give other damages than those presently provided for; and, as respects the wrongful death statute, in addition to the damages provided for therein. Justice Lumpkin did not take this statute into account when he wrote the opinion for the Supreme Court of Georgia in the *Paulk* case, supra (indeed he could not, because it was not in existence in 1858), and the learned Justices who passed on this subject, in the *Engle* case failed to properly apply said statute. It will not do to follow the *Paulk* case, which in turn had followed the English authorities patterned on the Lord Campbell Act, because the English courts did not have the "punitive damages statute" when they construed the Lord Campbell Act, nor did Justice Lumpkin have it when he wrote the decision in the *Paulk* case.

But we have that statute now; to wit, *Code* § 105-2002; it is plain and unmistakable in its intent to *allow additional damages in every tort case* where the wrongdoer's conduct constitutes aggravating circumstances in the act or the intention. It is not to compensate the aggrieved party, but it is to *deter the wrongdoer from repeating the trespass,* and is clearly meant as punishment or a penalty. The plaintiff may elect to seek damages for wounded feelings in lieu of damages to deter. The only instance when such damages would not be recoverable, as additional damages to those provided for in the wrongful death statute, is in those cases where the wrongdoer himself departs this life before trial; for in such case he could not be deterred from repeating the trepass.

I repeat that it is with the greatest reluctance that I concur with the majority in this case, and I hope the Supreme Court of Georgia will rectify the mistake made by the *Engle* case at the earliest opportunity, by overruling that case.