61880. TRUELOVE et al. v. WILSON et al.
61881, 61882. DeKALB COUNTY BOARD OF EDUCATION et al. v. WILSON et al.; and vice versa.

SHULMAN, Presiding Judge.

On September 19, 1979, Laura Wilson was fatally injured when a metal soccer goal fell and struck her as she knelt to tie her shoe during a physical education class at Chestnut Elementary School in DeKalb County. These appeals arise from the wrongful death action her parents brought against 15 defendants: the DeKalb County School District; the DeKalb County Board of Education; James Hinson, Superintendent of the DeKalb County School District; Harold Dennis, Assistant Superintendent of the DeKalb County School District; Wilburn Adams, Associate Superintendent of Business for the DeKalb County School District; Elmer Morrow, Director of Physical Education and Athletics of the DeKalb County School District's secondary school program; John W. Truelove, Frank B. Jernigan, Elizabeth Andrews, Ray Jackson, John I. Ramsey, David Williamson, and Joe Willingham, members of the DeKalb County Board of Education; Gerald Williams, Principal of Chestnut Elementary School; and Charles H. Henderson, physical education teacher at Chestnut Elementary School.

In their amended complaint the Wilsons sought recovery for wrongful death as well as punitive damages and damages for maintenance of a nuisance (the soccer goal). All the defendants answered the complaint and filed various defensive motions. Following a hearing, the trial court granted summary judgment to

defendant Morrow as to the whole case, granted summary judgment to all defendants as to the nuisance and punitive damages claims, and denied all the remaining motions to dismiss and motions for summary judgment. In Case No. 61880, defendants Truelove, Jernigan, Andrews, Jackson, Ramsey, Williamson, Willingham, Hinson, Adams, Henderson, Williams, and Dennis appeal the denial of their motions for summary judgment. In Case No. 61881, the DeKalb County School District and the DeKalb County Board of Education appeal the denial of their motions to dismiss. In Case No. 61882, the Wilsons appeal the grant of summary judgment to all defendants on their nuisance and punitive damages claims.

1. The Wilsons' claim based on a nuisance theory is foreclosed by the Supreme Court's decision in *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348). The grant of summary judgment against the Wilsons on that count was not error.

2. The trial court was also correct in granting judgment against the Wilsons' claim for punitive damages. Such damages are not available in a wrongful death action. *Roescher v. Lehigh Acres Dev., Inc.,* 125 Ga. App. 420 (188 SE2d 154).

3. The trial court's refusal to grant summary judgment to the DeKalb County Board of Education and the DeKalb County School District was error. Those defendants are entitled to the defense of sovereign immunity. *Hennessy v. Webb,* 245 Ga. 329 (264 SE2d 878). The fact that plaintiffs alleged wilful and wanton negligence does not deprive those two defendants of that defense. *Sheley v. Board of Public Ed. &c. of Savannah,* 132 Ga. App. 314 (208 SE2d 126).

4. All the individual defendants in this case have pleaded the defense of sovereign immunity. It is apparent from the record that they all occupy the same position with regard to that defense as did the defendants in *Hennessy v. Webb,* supra; and *Holloway v. Dougherty County School System,* 157 Ga. App. 251 (277 SE2d 251): the acts or omissions complained of were discretionary and were in the defendant's official capacities. That being so, the defendants are immune so long as their acts were within the scope of their authority and were done without "wilfulness, malice, or corruption." *Hennessy,* supra.

The Supreme Court held in *Hennessy* that the plaintiffs failed to state a claim against the defendant because there was "no allegation that he acted wilfully, wantonly or outside the scope of his authority." Id., p. 332. Following *Hennessy,* this court ruled in *Holloway* that the plaintiff there *had* stated a claim by alleging that the injurious conduct was "wilful and intentional." In their amended complaint, the plaintiffs in the present action have attempted to bring their case within the rulings above mentioned by employing, in

various combinations, the words and phrases "wilful," "wanton," "reckless disregard," and "gross, wilful, wanton and reckless negligence." We do not find that effort to have been successful.

Once again, as this court did in *Central of Ga. R. Co. v. Moore,* 5 Ga. App. 562, 564 (63 SE 642), "we disapprove the use of the expression [wilful and wanton negligence]; for wilfulness and wantonness are so far the opposites of negligence as to make the expression 'wilful and wanton negligence' misleading . . ." Notwithstanding this court's disapproval of the expression, it has cropped up repeatedly. It was defined in *Frye v. Pyron,* 51 Ga. App. 613 (3) (181 SE 142), as " 'that entire absence of care which would raise the presumption of conscious indifference,' or that 'with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequences of his conduct would be to inflict injury. [Cits.]" It may be seen that, regardless of the use of the words "wilful and wanton," the concept being described in *Frye* is still negligence: it concerns a degree of care or absence thereof. Wilful and wanton *conduct,* on the other hand, has a different meaning: it is conduct "such as to evidence a wilfull intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Hawes v. Central of Ga. R. Co.,* 117 Ga. App. 771, 772 (162 SE2d 14). The distinction between those two concepts may be subtle, but it is nonetheless important. There is an element of *intent,* actual or imputed, in "wilful and wanton conduct" which removes such conduct from the range of conduct which may be termed negligent. Proof of wilful or wanton conduct will remove the shield of sovereign immunity; proof of negligence will not. *Hennessy,* supra; *Holloway,* supra. An analysis of plaintiffs' amended complaint reveals that the allegations concerning the conduct of the defendants describe conduct which could, at worst, be termed gross negligence. It is, at any rate, negligence. *Hennessy* and *Holloway* make no distinctions between degrees of negligence. Nor shall we. The allegations of the complaint that the defendants were negligent are not sufficient to withstand motions for summary judgment in support of which the defendants presented uncontradicted evidence that they acted in public capacities in discretionary roles. Therefore, except as to defendants Adams, Henderson, and Williams, the trial court erred in denying the motions for summary judgment filed by the individual defendants.

5. In their amended complaint, plaintiffs alleged that defendants Adams, Henderson, and Williams acted outside the scope of their authority with regard to the soccer goal involved in this case.

If those allegations were supported by evidence, they would present a question for decision by a jury, since such action would deprive a public official of the shield of sovereign immunity. *Hennessy,* supra.

As to defendants Adams and Henderson, the uncontradicted evidence is that they acted within the scope of their respective authorities in this matter. Plaintiffs have cited us to no contrary evidence and we have found none.

Plaintiffs argue, however, that the evidence shows that defendant Williams, the school principal, acted without the scope of his authority in ordering and installing the metal soccer goal on the school grounds without first seeking and receiving the appropriate permission and approval from the school district. A close reading of the evidence proffered by plaintiffs in opposition to the motion for summary judgment does not support that argument.

Plaintiffs interpret certain deposition testimony of defendants Dennis and Adams as flat assertions that a principal must first seek and receive approval from the instructional department of the school district before placing equipment on the school grounds. Taken in context, however, the testimony on which plaintiffs rely referred only to equipment which was ordered by the principal through official channels or to equipment which was donated specifically for use in the school curriculum. The soccer goal involved here did not fit either of those categories. It was paid for by community groups and was intended for joint use by the school and by several community agencies. Defendant Hinson, the Superintendent of the DeKalb County School District, testified on deposition that approval was not required for equipment which was procured through community agencies rather than through school district channels. We see no conflict in that evidence. The testimony offered by plaintiffs was in reference to categories of equipment into which the soccer goal did not fit; it had no relevance to defendant Williams' authority to procure the soccer goal. The superintendent specifically testified that equipment procured as this soccer goal was procured did not require approval. The evidence requires the conclusion that defendant Williams did not act outside the scope of his authority. It follows that the trial judge erred in denying the motions for summary judgment filed by defendants Adams, Henderson, and Williams.

In summary, it appears that the doctrine of sovereign immunity effectively shields all the defendants in this case from liability for the tragic death of plaintiffs' daughter. Whatever our personal feelings concerning the justness of that doctrine, we are bound by our oaths to apply the law. Sovereign immunity is the law applicable to this case.

*Judgment reversed in case nos. 61880 and 61881. Judgment affirmed in case no. 61882. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 17, 1981 —
REHEARING DENIED OCTOBER 13, 1981

*Glenn Frick, Robert P. Bleiberg, R. Daniel McGinnis,* for appellants (case no. 61880).

*Lawrence S. Burnat, Gary M. Sams,* for appellees.

*Gary M. Sams,* for appellants (case no. 61881).

*Lawrence S. Burnat, Glenn Frick, Robert P. Bleiberg, R. Daniel McGinnis,* for appellees.

*Lawrence S. Burnat,* for appellants (case no. 61882).

*Gary M. Sams, Glenn Frick, Robert P. Bleiberg, R. Daniel McGinnis,* for appellees.