The petition failing to allege facts constituting wilful and wanton conduct did not set out a cause of action, and the court erred in overruling the general demurrer.
 DECIDED NOVEMBER 20, 1943.
This is an action by Mildred Graham, through her father as next friend, against the superintendent of schools and the members of the board of education of Dodge County in their respective individual capacities, and the driver of the school bus, for injuries alleged to have been sustained because of the wilful and wanton negligence of the defendants. The petition alleged in part: "5. The trustees for Chauncey School District, during the year 1941, recommended to the defendants referred to above as members of said county board of education and M. W. Harrell, who was ex officio secretary of said board, and through the influence of said referred to trustees, had the defendants referred to as members of said board and M. W. Harrell, as aforesaid, to employ for said year, Locke Moore, a minor, age about 15 years, as school bus driver and operator of a school bus for the Chauncey School District. 6. On the afternoon of October 29, 1941, petitioner was being transported in a school bus, from the Chauncey school to her home, in said county, with the said Locke Moore driving and operating said bus. 7. Said Locke Moore was driving said bus on a county road east, from the direction of the dwelling house of Archie Harrell towards Hamilton Cross Roads, said county. Petitioner shows that instead of proceeding on said county road to said Hamilton Cross Roads, said driver, about 300 yards from said cross-road, suddenly turned into a three-path side road about eight feet in width, which went in a direction southeast towards what is known as the Hamilton *Page 179 
on Road of said county. 8. Said driver plunged into said three-path side road at an excessive and unreasonable rate of speed to wit, from forty to fifty miles per hour, and continued at that said speed. 9. On the southeast right-hand side of said three-path side road, and right on the edge thereof, there was a grown haw tree, with its limbs and branches extending into said side road, and in the path of the on-coming bus. Said haw tree's branches and limbs at said time were full of thick, deadly, and injurious thorns, from one-fourth to three-fourths inches in length, with sharp and cutting points, capable of severely injuring a human being. 10. At said speed, on said three-path side road, and without giving any warning whatever to your petitioner, who was sitting close to the window, which was open on the right-hand side of said bus, and on the side of said haw tree, said driver suddenly plunged into the limbs and branches of said haw tree, and a limb and thorn of said tree, with force and violence and flexibility, struck through said window, striking petitioner in her right eye to which petitioner sustained the following damages . . 11. Said defendants were under a duty and responsible for the protection of petitioner as a school child, and her safety from the wanton, deliberate and criminally gross acts of total disregard for the life and health on the part of their agent and employee, Locke Moore, said driver, and the said acts of said Locke Moore are imputable to defendants to the consequential injuries to petitioner thereof. 12. Said acts of said Locke Moore, driver as aforesaid, were wanton, deliberate, wilful, and malicious, with a total disregard for the life, health, and safety of petitioner and other schoolchildren in said bus for the following reasons, to wit: It was wholly unnecessary to plunge into said side road, when said driver could have proceeded up said county road to said Hamilton Cross Roads without hazard to anyone; it was wanton and malicious to suddenly plunge into said side road, only about eight feet in width, at an excessive speed of from forty to fifty miles per hour; it was wanton, deliberate, malicious, and with total disregard to petitioner and other children, without any warning whatever, to dangerously dash through the limbs and thorns of an obviously perilous haw tree, to which said driver knew its location and danger to children and petitioner, with the windows of said bus open, when said driver could have slowed the speed of said bus and pulled out of the way and gone around and avoided *Page 180 
said dangerous limbs and thorns of said tree; and the acts of said driver, Locke Moore, are the acts of the defendants who employed him, all as aforesaid. 13. Petitioner shows that before said injury, as shown in the original petition, the defendants named herein, wholly without functioning in their or in any official capacity, did instruct, authorize, and command the said Locke Moore, driver of said school bus, to operate said bus through said perilous three-path side road as a part of said driver's route, knowing the hazards and danger of said three-path side road as hazardous and dangerous to the safety and protection of petitioner and said other schoolchildren. That said instruction, authorization, and command to said bus driver, was made in defendants' individual capacities, and that no meeting, resolution, or official function attended such said authorization, instruction, and command, and that by reason thereof these defendants assumed individual responsibility for the aforesaid injuries to your petitioner." Count two of the petition alleged substantially what has been here set out, and in addition thereto, the following: "Petitioner shows that the aforesaid acts of the defendants in instructing, authorizing, and directing the said defendant, Locke Moore, not sanctioned by any official function, as aforesaid, to use and proceed through said side road as a part of said route, were acts of gross negligence of individual responsibility, and the assumption of such not under the functions of their elective prerogatives. 14. Petitioner shows that the gross negligence of the defendants as aforesaid in directing said defendant, Locke Moore, to transport petitioner through said dangerous and hazardous road, and the wilful and wanton acts of defendant, Locke Moore, in plunging through said limbs, branches and thorns of said haw tree on said road, is the proximate cause of petitioner's injuries and damages."
The defendants, with the exception of the driver of the bus, except to the order overruling their general demurrer.
The defendant in error concedes that there would be no liability on the part of the plaintiffs in error if they acted in their official capacities, the reason being that no acts of wilful or wanton conduct are charged against them. Construing the petition on demurrer most strongly against the defendant in error, we *Page 181 
do not think it sufficiently alleges facts showing that the directions for the routing of the bus were given individually rather than officially. No reason is alleged why the officials as such did not have the authority to route the bus as it is alleged to have been routed. The route is not alleged to be inherently dangerous. The allegations that the plaintiffs in error gave the instructions as individuals is a mere conclusion of the pleader, and must yield to the specific allegations that they were given individually for the only reason assigned in the petition, to wit, that the instructions were "not sanctioned by any official function, and that no meeting, resolution, or official function attended such instruction." The petition alleged that the driver was officially employed, and shows no good reason why the action was not official. The presumption, under the allegations of the petition, would therefore be that the action was official. Such direction could be given officially without a meeting, or resolution, or official "function." It follows that there is no liability shown against the plaintiffs in error under the allegations, there being no allegation of wilful and wanton conduct on their parts. Roberts v. Baker, 57 Ga. App. 733
(196 S.E. 104). Neither count sets forth a cause of action, and the court erred in overruling the general demurrer to the petition.
Judgment reversed. Stephens, P. J., and Sutton, J., concur.