47337. PERRY v. REGENTS OF THE UNIVERSITY
SYSTEM et al.
47338. CRIDER v. REGENTS OF THE UNIVERSITY
SYSTEM et al.

HALL, Presiding Judge. These are two separate actions filed by different plaintiffs. However, there are three defendants common to each case and one common controlling issue of law. Plaintiff Perry appeals from the order dismissing the Board of Regents, the Regents and the individual defendant Faulkner in her action for slander. Plaintiff Crider's action is for slander, libel and failure to provide a safe place to work. She appeals from the orders dismissing the Board of Regents and the Regents.

1. Two named defendants are "Regents of the University System of Georgia" and "Board of Regents of the University System of Georgia." The orders of dismissal for both defendants in both cases were based on their defense of sovereign immunity. Plaintiffs contend the Regents and the Board of Regents are two separate entities, the former being a corporation capable of suing and being sued, the latter being its directors, and neither of them a state agency. For this proposition they cite *State of Ga. v. Regents of the University System,* 179 Ga. 210 (175 SE 567), decided in 1934.

The import of that case is easily explained. In order to authorize the issuance of bonds by the Board of Regents for building purposes (in the face of a constitutional prohibition against State debt) the court took advantage of certain confusion in the 1931 statute which established the Board of Regents as a department of state government. The statute mentioned both the "Board of Regents" and the "Regents" although the "Regents" were granted no function or power. See *Code Ch. 32-1.* That only one entity governs the state university system was made clear by the provision of the 1945 Constitution which vested the government, control and management of the system

in the Board of Regents. *Code Ann.* § 2-6701. See also Ga. L. 1958, pp. 47, 48.

It is also clear that the Board of Regents is an agency of the State with sovereign immunity from tort liability. It performs a governmental function (i.e., the education of its citizens) and is supported by State funds. *Code* § 32-116; *Regents of the University System v. Blanton,* 49 Ga. App. 602 (176 SE 673); *Hall v. Hospital Authority of Floyd County,* 93 Ga. App. 319 (91 SE2d 530); *Crowder v. Department of State Parks,* 228 Ga. 436 (185 SE2d 908). The court did not err in dismissing the actions as to the Board of Regents and the Regents.

2. The individual defendant Faulkner was dismissed because the complaint failed to state a claim upon which relief could be granted. We assume that the court was considering the substance of the alleged tort and not applying the principle of soverign immunity. This defendant's contention that he is immune as a State employee acting within the scope of his authority is without merit. See *Irwin v. Arrendale,* 117 Ga. App. 1 (159 SE2d 719).

However, we believe the court erred in dismissing this defendant. In summary, the complaint alleged: that the defendant falsely and maliciously called the plaintiff a thief when he stated to other employees, "We know who took the money. We just can't prove it. She is no longer with us"; that plaintiff was the only person to have left the employment of the office since the money had been found missing; and that all of the listeners understood that the defendant was referring to the plaintiff. *Code* § 105-702 provides that "slander, or oral defamation, consists, first, in imputing to another a crime punishable by law, . . ." We cannot say as a matter of law that the words quoted above could not be understood as imputing to plaintiff the crime of theft. ". . . [W]hen the language used is capable of being understood in a double sense, the one criminal and the other innocent, the plaintiff, by making the proper allegations in his declaration, may, by

an innuendo, aver the meaning with which he thinks it was published, and the jury may find whether the publication was made with that meaning or not." *Park & Iverson v. Piedmont & Arlington Life Ins. Co.,* 51 Ga. 510, 513. See also *Kaplan v. Edmondson,* 68 Ga. App. 151 (22 SE2d 343).

*Judgment in case No. 47337 affirmed in part; reversed in part. Judgment in case No. 47338 affirmed. Pannell and Quillian, JJ., concur.*

ARGUED JULY 6, 1972—DECIDED SEPTEMBER 5, 1972.

*O. L. Collins,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Robert J. Castellani, H. Andrew Owen, Jr., Assistant Attorneys General, Burnside, Dye & Miller, A. Montague Miller,* for appellees.