## 29173. SHELEY v. BOARD OF PUBLIC EDUCATION FOR THE CITY OF SAVANNAH AND THE COUNTY OF CHATHAM.
## 29239. AZIZI v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

GUNTER, Justice.

We granted applications for writs of certiorari to the Court of Appeals in these two cases for the purpose of reassessing the rule of immunity of the state, its agencies, and subdivisions from liability for tort claims presented in our courts. Regardless of the merits or demerits of the immunity rule, it is conceded that it has existed throughout this state's history except in those situations where it has been eliminated by statutes enacted by the Georgia General Assembly.

This court has acknowledged that the immunity rule was judicially created and that it could be judicially abrogated. The majority and dissenting opinions fully treat this issue in *Crowder v. State Parks Dept.*, 228 Ga. 436 (185 SE2d 908). We have again reviewed this issue in the context of these two cases, and we conclude that, because of the amendment to the Georgia Constitution proposed by the 1973 General Assembly and ratified by the electorate at the 1974 General Election, changes in the immunity rule, and the extent of such changes and in what circumstances, are now solely within the domain of the General Assembly of Georgia.

The constitutional amendment referred to is set forth in Ga. L. 1973, pp. 1489-1490. It authorizes the General Assembly "to create and establish a State Court of Claims with jurisdiction to try and dispose of cases involving claims for injury or damage, except the taking of private property for public purposes, against the State of Georgia, its agencies or political subdivisions, as the General Assembly may provide by law." It further provides: "Nothing contained herein shall constitute a waiver of the immunity of the state from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution and such waiver or qualification of immunity as is now or may hereafter be provided by Act

of the General Assembly."

Because of the adoption of this constitutional amendment, and it is now effective as a part of our Constitution, we hold that the immunity rule as it has heretofore existed in this state cannot be abrogated or modified by this court. The immunity rule now has constitutional status, and solutions to the inequitable problems that it has posed and continues to pose must now be effected by the General Assembly. The enactment of statutes by the General Assembly pursuant to this constitutional provision can, in a fair and orderly manner, eliminate the inequities and injustices that have become apparent in our modern-day society because of the rigid immunity rule.

We therefore conclude that these two applications for writs of certiorari were improvidently granted.

*Writs dismissed as improvidently granted. All the Justices concur, except Nichols, C. J., who dissents.*

ARGUED NOVEMBER 12, 1974 — DECIDED JANUARY 22, 1975.

*Falligant, Doremus, Karsman, Kent & Toporek, Stanley Karsman,* for appellant.

*Basil Morris,* for appellee. (Case No. 29173)

*White & Jewett, Robert John White, C. Lawrence Jewett,* for appellant.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellees. (Case No. 29239)

*Kaler, Karesh & Frankel, Glenville Haldi,* amicus curiae.