53673. CLARK et al. v. STATE OF GEORGIA et al.

BANKE, Judge.

The appellants allegedly were injured due to a nuisance which was maintained by the state. The alleged nuisance was a dangerous approach to Bridalveil Falls, which is owned and operated by the state as a place of natural beauty for access by the public. The appellants sued the state, the Department of Natural Resources, its director, the Board of Natural Resources, and its members. All of the actions were dismissed for failure to state a cause of action on grounds of sovereign immunity, and the appellants appeal. We must affirm the trial court's judgment.

1. The doctrine of sovereign immunity was absorbed into Georgia law by virtue of the state's adoption of the common law of England. See *Crowder v. Dept. of State Parks,* 228 Ga. 436 (3) (185 SE2d 908) (1971). Due to the doctrine of sovereign immunity, a person may not sue the state or its agents for the maintenance of a nuisance on state park land, unless the state consents to the suit. *Crowder v. Dept. of State Parks,* supra. In the case at bar, the state did not waive its immunity. A contrary result is not authorized by the holding in *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141, 34 ALR3d 1002) (1968), which dealt with the liability of a municipality—not the state—for the maintenance of a nuisance. *Williams v. Ga. Power Co.,* 233 Ga. 517, 519 (212 SE2d 348) (1975); *State Hwy. Dept. v. Barrett,* 124 Ga. App. 703 (3) (185 SE2d 624) (1971).

2. The appellants contend the law of sovereign

immunity, as unambiguously set forth by the Supreme Court in *Crowder,* supra, was nullified by the allegedly illegal ratification in 1974 of a constitutional amendment authorizing the establishment of a State Court of Claims. Code Ann., § 2-3710 (Ga. L. 1973, p. 1489).[1] The amendment read: "The General Assembly is hereby authorized to create and establish a State Court of Claims . . . [Thence follow 124 words dealing with jurisdiction of and appeals from the proposed court.] Nothing contained herein shall constitute a waiver of immunity of the State from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution and such waiver or qualification of immunity as is now or may hereafter be provided by act of the General Assembly."

The appellants contend the amendment was illegally ratified because it dealt with more than one subject matter and because the ballots on which the public voted were misleading in that they did not mention the above-quoted sentence dealing with sovereign immunity in their synopsis of the amendment. The appellants' contention is without merit, however, because there was neither more than one subject matter with which the amendment dealt nor a failure of the ballots properly to inform the electorate. Scrutiny of the amendment will show that it dealt solely with a proposed State Court of Claims and that the ballots fairly informed the public of that fact. See *Hammond v. Clark,* 136 Ga. 313 (9) (71 SE 479) (1911). The sentence dealing with sovereign immunity was merely a provision cautiously included to insure that the amendment would *not* alter the already existing doctrine of sovereign immunity; the law as expressed in *Crowder,* supra, was to remain in statu quo.

*Judgment affirmed. Quillian, P. J., and Shulman,*

---

[1] Subsequent to the date of the filing of the action sub judice and the judgment of the trial court, the State Court of Claims provision was again enacted through the adoption of a new Constitution, which became effective January 1, 1977. Code Ann. § 2-3401 (Ga. L. 1976, pp. 1198, 1256).

*J., concur.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 22, 1977 — REHEARING DENIED MAY 11, 1977 —

*Glenville Haldi, Jones, Corbin & Sarama, Harold K. Corbin, Gregory T. Jones,* for appellants.
*Arthur K. Bolton, Attorney General, Robert E. Hall, Assistant Attorney General,* for appellees.