32560. CLARK et al. v. STATE OF GEORGIA et al.

PER CURIAM.

This court granted the application for writ of certiorari to review the decision and judgment of the Court of Appeals in *Clark v. State of Ga.*,142 Ga. App. 272 (235 SE2d 614) (1977). The Court of Appeals affirmed the dismissal of a tort suit against the State of Georgia, the Department of Natural Resources, its director and board on the grounds of state sovereign immunity.

In 1974 a constitutional amendment was ratified authorizing the establishment of a State Court of Claims. Code Ann. § 2-3401. This court has held that by virtue of the adoption of this amendment the doctrine of state sovereign immunity now has constitutional status and cannot be abrogated or modified by this court. *Azizi v. Bd. of Regents of U. of Ga.,* 233 Ga. 487, 488 (212 SE2d 627) (1975).

The petitioner contends that the amendment was illegally ratified because it dealt with more than one subject matter. We disagree. See *Sears v. State of Ga.,* 232 Ga. 547 (5) (208 SE2d 93) (1974); *Hammond v. Clark,* 136 Ga. 313, 324 (71 SE 479) (1911).

The petitioner also contends that the amendment was illegally ratified because the ballot language did not inform the electorate that they were adopting the doctrine of state sovereign immunity. We disagree. See *Sears,* supra, 554-556; *McLennon v. Aldredge,* 223 Ga. 879 (159 SE2d 682) (1968).

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only and Nichols, C. J., and Hill, J., who dissent.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 24, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Glenville Haldi, Jones, Corbin & Sarama, Gregory T. Jones, Harold K. Corbin,* for appellants.

*Arthur K. Bolton, Attorney General, Robert E. Hall, Special Assistant Attorney General,* for appellees.

HILL, Justice, dissenting.

For what purpose are the people asked to adopt amendments to the Constitution which, after approval, are neglected and hence remain as if never passed? Although the people expressed their approval of the creation of a Court of Claims in 1974, no such court has yet been created.

However, the vice is that the amendment did more than authorize creation of a court to allow recovery by people injured by the state, its agencies and political subdivisions. The amendment also "expressly reserved" (i.e., preserved and froze) the sovereign immunity of the state. Before the amendment, sovereign immunity was a judicial concept, stiff but not immobile. The amendment purports to make sovereign immunity inflexible except as modified by law. *Azizi,* supra. The people were asked to vote on creation of a Court of Claims whereby persons injured or damaged by the state shall have a means of obtaining relief. Ga. L. 1973, pp. 1489, 1490. Who could vote against such an amendment? Relatively few people did. (This amendment received far more votes "for" passage and far fewer votes "against" passage than any of the 16 amendments voted on in 1974 (Ga. L. 1975, pp. 2107-2110)).

Unfortunately the ballot language never informed the voters about the other subject contained therein, the paralyzation of the doctrine of sovereign immunity which the amendment was otherwise designed to ameliorate.

The critical language of the amendment is as follows (§ 2-3401): "Nothing contained herein shall constitute a waiver of the immunity of the State from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution and such waiver or qualification of immunity as is now or may hereafter be provided by act of the General Assembly." In the other part of the amendment, authorizing creation of the Court of Claims,

it was provided that the court would have jurisdiction of cases against the state, its agencies or political subdivisions. I would hold that the quoted sentence paralyzed, as the language says, only the sovereign immunity of the "state" and that the sovereign immunity of agencies and political subdivisions remains unfrozen at least until the people's request for a Court of Claims is granted.

This being a suit not only against the "State" as such but against the Department of Natural Resources, I would allow the suit to be maintained against that agency of government. I therefore dissent.