## 57673. WEBB et al. v. HENNESSY.

UNDERWOOD, Judge.

These damage actions arise out of an occurrence at Southwest DeKalb High School in which Curtis Webb, a minor, was injured due to the alleged negligence of Kenneth Hennessy, principal of the school and sole defendant, in allowing a dangerous condition to exist at the school under his direct supervision and control. The trial court granted his motion to dismiss, holding that the mantle of governmental immunity which shielded the Board of Education (*Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627) (1975)) necessarily enveloped the board's agents and employees in its protective folds.[1]

---

[1]In its order of dismissal the court recited that the DeKalb County Board of Education, pursuant to the School Officials Liability Insurance Act (Code Ann. §§ 32-849 through 32-852), had obtained a policy of liability insurance which would cover the principal here, and that

We reverse. "At English common law public officials were routinely held personally liable for torts committed in the performance of their duty." McManis, Personal Liability of State Officials Under State and Federal Law, 9 Ga. L. Rev. 821 (1975). Whatever rules may have developed with respect to those functions variously called "quasi-judicial," "legislative," "discretionary," etc. (see *Vickers v. Motte,* 109 Ga. App. 615 (136 SE2d 77) (1964); *Partain v. Maddox,* 131 Ga. App. 778 (206 SE2d 618) (1974)), and whatever may be the rule with respect to those lawsuits against public officers in their official capacities which so unduly interfere with the sovereign functions of the state that they are deemed to be, in reality, suits against the state itself (*Roberts v. Barwick,* 187 Ga. 691 (2) (1 SE2d 173) (1939)), "[a] suit against a State officer or agent as an individual is not one against the State. Consequently, where State officers or agents are sued personally, the suit is generally maintainable, whether it be at law or in equity, and whether it be to recover property wrongfully withheld from the true owner, or to recover damages for a breach of contract or in tort for an injury to person or property . . . This is true even though the State officers or agents, when thus sued personally, may seek to claim immunity from suit or an absence of liability because of alleged ownership by the State of the Property involved, or because they may claim a performance of the questioned acts as officials acting under legal authority." *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 353 (21 SE2d 216) (1942). Accord, *Irwin v. Arrendale,* 117 Ga. App. 1 (2, 11) (159 SE2d 719) (1967) and cases collected; *Perry v. Regents of University System,* 127 Ga. App. 42, 43 (2) (192 SE2d 518) (1972).

---

"[t]he policy contains no provisions authorizing the company to assert as a defense to any claim the doctrine of sovereign immunity." However, in view of Section 3 of the Act (Code Ann. § 32-851) providing that "[n]othing herein shall be construed as waiving any immunity or privilege now or hereafter enjoyed" by the various insureds, the court, after holding that the principal did share in the board's governmental immunity, concluded that "[i]t

While we are cited no Georgia law on point, "[i]t appears to be the general rule that the immunity of school districts, school boards, or other agencies in charge of public schools ordinarily does not extend to their agents or employees, or other persons under contract with such public bodies, in the absence of a statute providing otherwise, at least in connection with ministerial matters." 57 AmJur2d 107, Municipal, School, and State Tort Liability, § 95. So far as revealed by the instant complaints, they are based upon the breach of ministerial duties in the maintenance of the premises and accordingly are not barred by the doctrine of governmental immunity.

Other contentions made in the briefs and arguments but not ruled upon below will not now be considered since "the scope of review is limited to the scope of the ruling in the trial court." *Redwing Carriers v. Knight,* 143 Ga. App. 668 (239 SE2d 686) (1977).

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 19, 1979 — ▮▮▮▮▮▮

*Barnes & Browning, Roy E. Barnes, Gregory C. Chastain, Thomas J. Browning,* for appellants.
*Lokey & Bowden, Charles M. Lokey, Glenn Frick, I. J. Parkerson,* for appellee.

---

appears that the Board of Education of DeKalb County is expending the sum of $61,403 annually [for premiums] for which it is receiving nothing in return."