## 35331. HENNESSY v. WEBB et al.

CLARKE, Justice.

These actions raise the question of the personal liability of a school principal for alleged negligence in carrying out his duties while in the "legal custody and control" of the school premises. The negligence alleged is that defendant allowed a rug and mat to be placed at a door in the school. It is also alleged defendant had direct control and supervision of the act and knew or should have known of its danger. The suit is for injuries to a student sustained by falling into the door. The trial court, upon motion by defendant, dismissed the plaintiffs' actions finding no cause of action because of the defendant being clothed with governmental immunity. The Court of Appeals of Georgia reversed this ruling and the cases are now before this court on writ of certiorari.

The doctrine of sovereign immunity has been recognized in this state since the adoption of the common law. *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908) (1971). It also applies to political subdivisions of the state, including counties (*Miree v. United States,* 242 Ga. 126 (249 SE2d 573) (1973); state board of regents, *Perry v. Regents of University System,* 127 Ga. App. 42 (192 SE2d 518) (1972)); and boards of education (*Sheley v. Bd. of Public Ed.,* 233 Ga. 487 (212 SE2d 627) (1975)). As was said in *Hale v. Davies,* 86 Ga. App. 126 (70

SE2d 923) (1952), at 129: ". . . school boards, and other agencies or authorities in charge of public schools enjoy immunity from tort liability for personal injuries or death sustained by pupils or other persons in connection therewith, in the absence of a legislative enactment to the contrary, at least where only negligence was involved." The care and control of school property is the responsibility of the local school board. Code Ann. § 32-909. The operation of a school is a governmental function. *Sheley v. Bd. of Public Ed.,* supra.

Taking the above authorities into account, there is no question of the governmental immunity of the board of education itself. The issue in this case is whether this immunity extends to an agent of the board carrying out its duties to provide public education by exercising custody and control over the school premises. At common law, public officers were held personally liable for their torts. See McManis, Personal Liability of State Officials Under State and Federal Law, 9 Ga. L. Rev. 821 (1975). This court held in *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 353 (21 SE2d 216) (1942), that ". . . where state officers or agents are sued personally, the suit is generally maintainable . . ."

A different rule prevails in instances where an officer or agent of the state is sued in his official capacity or where such officers are sued for acting in areas where they are vested with discretion and empowered to exercise judgment in matters before them.

"Any suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State . . ." and cannot be maintained without its consent. *Roberts v. Barwick,* 187 Ga. 691 (2) (1 SE2d 713) (1939). In *Partain v. Maddox,* 131 Ga. App. 778 (206 SE2d 618) (1974), the court said at 781, "It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that 'where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes

called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.'* " These discretionary acts ". . . lie midway between judicial and ministerial ones. The name of the public officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability." It has been held that there is no liability on the part of a county commissioner in deciding when and how to work on roads because such a decision was discretionary. *Vickers v. Motte,* 109 Ga. App. 615 (137 SE2d 77) (1964). The selection of a dangerous school bus route by members of a board of education, even when made without a meeting and without resolution or other formality, was held to be a governmental act for which the members of the board could not be sued individually. *Harrell v. Graham,* 70 Ga. App. 178 (27 SE2d 892) (1943). A public works camp warden was held not to be liable for torts of convicts when it was alleged that he was negligent in permitting the convicts to roam the roads of the county without any guard. It was said that the warden was acting in his discretionary capacity and will not be liable unless guilty of wilfulness, fraud, malice or corruption; or unless he knowingly acted wrongfully and not according to his honest convictions of duty. *Price v. Owen,* 67 Ga. App. 58 (19 SE2d 529) (1942).

The plaintiffs here argue that the defendant enjoys no governmental immunity by reason of the fact that he is being sued as an individual and not in his official capacity and that his act in allowing an alleged hazardous condition to exist was ministerial as opposed to discretionary.

We cannot agree with these contentions. In their complaints, the plaintiffs positively allege " . . . at all times during the acts complained of in this complaint, defendant was principal of Southwest DeKalb High School and as such had the legal custody and control of the premises therein." Plaintiffs also allege ". . . defendant

had allowed a condition to exist and continue at said Southwest DeKalb High School in that he allowed under his direct supervision and control a rug and mat to be placed at a door in the said high school." It is clear from these allegations the suits were brought against this defendant solely because of the position he held and the duties imposed upon him as a result of this position. Indeed, the act complained of could only have been done in the official capacity of defendant.

In effect, plaintiffs are alleging that the defendant, acting as principal, failed to exercise sound judgment (discretion) in allowing what they alleged to be a hazardous condition to exist. Therefore, the act or failure to act is not ministerial in nature, but is, rather, discretionary.

Boards of education are charged with the duty of providing public education. The providing and maintenance of school buildings and facilities is done in furtherance of this duty. A board of education can fulfill its duty only through its agents, some of whom may act in discretionary matters. The complaints in this case allege defendant had legal custody and control of the school and that the act complained of was under his supervision and control. This is in fact an allegation of agency on his part. Defendant is also alleged to have allowed a condition to exist which he knew or should have known was hazardous. This in fact is an allegation that he negligently exercised his authorized discretion. There is no allegation that he acted wilfully, wantonly or outside the scope of his authority. Therefore, defendant is entitled to governmental immunity.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Hill, J., who dissent.*

ARGUED JANUARY 22, 1980 — DECIDED FEBRUARY 27, 1980.

*Lokey & Bowden, Glenn Frick, Robert Bleiberg, I. J. Parkerson,* for appellant.

*E. Freeman Leverett,* amicus curiae.

*Barnes & Browning, Roy E. Barnes, Thomas J. Browning, Gregory C. Chastain,* for appellees.

NICHOLS, Chief Justice, dissenting.

The majority opinion holds that in performing his official duties and in exercising his discretion a school principal is immune from suit. I dissent.

While the notion of governmental immunity is now preserved and frozen in our state constitution (Code Ann. § 2-3401), I do not believe that governmental immunity should be extended to provide absolute protection to any action of a public official. *Clark v. State of Ga.*, 240 Ga. 188 (240 SE2d 5) (1977). Here the principal's act of allowing a rug and mat to be placed near a glass door, through which the plaintiff fell, is considered by the majority as discretionary. If this act is discretionary, then there are few others which will fall outside such classification. In effect, the broad protection of governmental or sovereign immunity is being substantially extended by the court. I see no limits to this expansion.

At best, the use of the discretionary function test to establish immunity results in a case by case determination of which officials will be immune from suit, leaving them, as well as the public, uncertain about who will be held responsible for non-discretionary official action injurious to the public. At worst, use of this test sets up "a finespun and more or less unworkable distinction between acts which are regarded as 'discretionary' . . . and those which are merely 'ministerial' . . ." Prosser, Law of Torts 987, 988, § 132 (4th Ed. 1971).

While this court is hamstrung by Code Ann. § 2-3401 and cannot abrogate the doctrine of sovereign immunity for local government entities as a majority of states have done (see Restatement of Torts Second, § 895 C, comment f.), I see no reason to further extend this archaic and unsound legal doctrine. The unfairness to a possible innocent victim of a principle of complete tort immunity is self-evident. "It is doubtful whether the purposes of tort law are well served by the immunity rule." Brinkman v. City of Indianapolis 231 NE2d 169 (1967); Hargrove v. Town of Cocoa Beach, 96 S2d 130 (1957).

I would adhere to a rule that requires a school principal to answer for his possible negligence. Of course, to impose liability would require a showing of the principal's negligence as proximate cause of the injury.

57 AmJur2d 107, Municipal, Etc., Tort Liability, § 95. See generally 32 ALR2d 1163. I note, too, that our legislature has authorized school boards to purchase liability insurance. Code Ann. § 32-850. I believe this insurance coverage should be utilized, and that this legislative provision should be deemed a waiver of immunity up to the limits of the insurance coverage.

In short, if a principal is completely immune from liability, then no one is ultimately responsible for any breach of duty owed to our state's school children. When one of them is injured, there can be no suit despite the harm done or the egregious character of the wrong. Few acts, if any, will fall outside the "discretionary test" as applied by the court today. Therefore, I must respectfully dissent.