**In re Joan Edna SHORE, Debtor.**

**Joan Edna SHORE, Plaintiff,**

v.

**COLUMBUS COLLEGE, A Unit of the University System of Georgia, Defendant.**

**Bankruptcy No. 82–40110–COL.**
**Adv. No. 82–4171–COL.**

United States Bankruptcy Court,
M. D. Georgia,
Columbus Division.

Oct. 13, 1982.

2. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

James A. Elkins, Jr., Columbus, Ga., for plaintiff.

Grace E. Evans, Staff Asst. Atty. Gen., Atlanta, Ga., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Herein, on Debtor's complaint to determine dischargeability of an educational loan, the Court finds that the debt is dischargeable because it was not made by a governmental unit within the exception to discharge contained in 11 U.S.C. § 523(a)(8).

At the Pre-trial Conference, it became abundantly clear that the threshold question was whether or not the educational loan was made by a governmental unit. There are no factual issues on this question. Counsel, in their respective briefs, do not show any reported cases on a similar set of facts, and the Court has found none.

## FACTS CONCERNING THE LOAN

The Plaintiff applied to Columbus College for financial assistance on or about the 16th day of May, 1979. On August 8, 1979, Plaintiff entered into a Loan Agreement with Columbus College in which she agreed to pay to Columbus College the sum of the amount signed for in the space provided on the Loan Agreement at the rate of five percent per annum on the unpaid balance beginning three months after she ceased to be enrolled in Columbus College. Plaintiff acknowledged in the Loan Agreement that the loan was made by Columbus College from the Greentree-Sevier Loan Fund. The specific words of this acknowledgment in the Loan Agreement are as follows:

> "The student acknowledges that this loan is made by the Institution from the Greentree-Sevier Loan Fund administered by the Institution pursuant to an instrument of trust or gift established by the donor for the benefit of students at the Institution."

The Greentree-Sevier Trust was given to Columbus College to make low-interest loans to students from the trust fund as well as outright scholarships. In the instant case was a low-interest loan and not an outright scholarship. The Trust Agreement shows the "Regents of the University System of Georgia for the benefit of Columbus College, Columbus, Georgia" as the trustee, and the trustee "undertake[s] the administration of said scholarship fund as a charitable trust in perpetuity." By a later Order from the Superior Court of Muscogee County, Georgia dated May 23, 1977, the term scholarship, or scholarships, was to "include both outright scholarship grants and repayable low-interest student loans." Between September 19, 1979 and March 26, 1981, Columbus College made loans to Plaintiff in the sum of $1,500 using funds of the Greentree-Sevier Trust. Said loan became due and owing on December. 1, 1981. The Plaintiff has made no payments on the loan. Debtor filed her voluntary Chapter 7 case on February 23, 1982.

## CONCLUSIONS OF LAW

11 U.S.C. § 727(a) states that "The court shall grant the debtor a discharge, unless —" (certain exceptions not applicable here). It is to be noted that the mandatory "shall" is used. 11 U.S.C. § 523(a) states:

> "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
>> (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program

funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;"

In the instant case, it is readily apparent that the educational loan was not insured nor guaranteed by a governmental unit, and it was not made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education. Defendant only contends that the educational loan was made by a governmental unit.

The conclusion of law is inescapable that the educational loan was not made by a governmental unit. Governmental unit is defined in 11 U.S.C. § 101(21), and the lender herein is not included in that definition. Under the facts in this case, the loss will not run to a governmental unit. The loss will run to the Greentree-Sevier Trust Fund, and trust funds established to make educational loans are not included in the exception at 11 U.S.C. § 523(a)(8). The educational loan was made by the Greentree-Sevier Trust Fund with the Regents of the University System of Georgia acting as trustees. The fact that the trustees of the trust fund are a governmental unit does not result in a loan "made by" a governmental unit.

Without going into detail, suffice to say, at one time all educational loans were dischargeable in bankruptcy. During the 70's and early 80's there were statutes enacted to exclude some educational loans from the discharge in bankruptcy. With each amendment, the scope of nondischargeable student loan debts was enlarged. The scope has not yet been enlarged to include all educational loans.

The personal predilection of this Court is that such debts should be nondischargeable.

However, the clear intent of Congress is to the contrary, and the Court is compelled to the conclusion that the debt herein is dischargeable.