**In re Joan Edna SHORE, Debtor.**

**COLUMBUS COLLEGE, a Unit of the University System of Georgia, Appellant,**

v.

**Joan Edna SHORE, Appellee.**

**Civ. A. No. 82–231–COL.**

United States District Court, M.D. Georgia, Columbus Division.

Dec. 27, 1982.

See also 23 B.R. 677; 707 F.2d 1337.

Grace E. Evans, Staff Asst. for the Atty. Gen., of Ga., Atlanta, Ga., for appellant, Columbus College.

James A. Elkins, Jr., Columbus, Ga., for appellee, Joan Edna Shore.

ORDER ON APPEAL

ELLIOTT, District Judge.

The Debtor above named applied to Columbus College for financial assistance in May, 1979, and in August of that year entered into a loan agreement with Columbus College by which she agreed to pay to Columbus College the amount advanced to her pursuant to a loan agreement. The question presented is whether the indebtedness represented by the loan agreement is dischargeable in bankruptcy. By order entered on October 13, 1982, 23 B.R. 677 (Bkrtcy.), the Bankruptcy Judge ruled that the debt to Columbus College was dischargeable, the holding being premised on a finding by the Bankruptcy Judge that the

---

educational loan was not made by a governmental unit. Columbus College, the Appellant, appeals from that ruling. Comprehensive briefs have been submitted by the Appellant and the Appellee, and upon consideration, the Court determines that the Bankruptcy Court erred in finding that the educational loan obtained by the Appellee from Columbus College was not made by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8) and is dischargeable. Stated otherwise, this Court determines that the indebtedness in question represents an educational loan obtained by the Appellee from Columbus College and was made by a governmental unit and is excepted from discharge pursuant to the provisions of the Section of the Bankruptcy Code above cited.

Accordingly, the determination made by the Bankruptcy Judge is reversed and it is directed that the Bankruptcy Court regard the indebtedness as not being subject to discharge.