PER CURIAM:
 

 The facts in this case are not in dispute. On February 23,1982, appellant Joan Shore filed a petition for relief under Chapter 7 of the bankruptcy code in the United States Bankruptcy Court for the Middle District of Georgia. Appellant filed the present action on October 13, 1982 requesting that Columbus College be enjoined from collecting an educational loan and that the indebtedness be found to be dischargeable. The bankruptcy court, 23 B.R. 677, granted relief and the district court reversed. We affirm the district court’s judgment.
 

 Shore applied to Columbus College for financial assistance on or about May 16, 1979. On August 8,1979, she entered into a Loan Agreement with Columbus College in which she agreed to pay Columbus College the sum of the amount signed for in the space provided on the Loan Agreement with five per cent annual interest on the unpaid balance. Payments would begin three months after she ceased to be enrolled in Columbus College. Shore acknowledged in the Loan Agreement that the loan was made by Columbus College from the Green-tree-Sevier Trust.
 
 [1]
 
 The Trust agreement designates the Regents of the University System of Georgia as the trustee and Columbus College as the beneficiary. The Trust was modified on May 23, 1977 to permit Columbus College to make low interest loans to students from the fund as well as outright scholarships.
 

 Between September 19, 1979 and March 26, 1981, Columbus College made loans to Shore totaling $1500 using funds of the Greentree-Sevier Trust. These loans became due on December 1, 1981. Appellant has made no payments on the loans.
 

 Appellant asserts that the loans were made by the Trust Fund, not by a governmental unit, and therefore must be discharged by her voluntary Chapter 7 filing. This contention lacks merit. Section 523(a) of the Bankruptcy Code, as amended, states
 
 *1339
 
 that the Act “does not discharge an individual debtor from any debt ... made, insured, or guaranteed by a governmental unit” unless the debt would impose an undue hardship on the debtor and the debtor’s dependents or the loan became due before five years before the date of the petition’s filing. 11 U.S.C. § 523(a)(8) (Supp. IV 1980).
 

 Columbus College is a governmental unit within the meaning of 11 U.S.C. § 101(2) (Supp.IV.1980). That section defines a governmental unit to include a state or department, agency, or instrumentality of a state. Columbus College is an institution in the university system of Georgia. Control of institutions in the system is vested in the Board of Regents, a state governmental agency.
 
 Azizi
 
 v.
 
 Board of Regents,
 
 132 Ga.App. 384, 389-90, 208 S.E.2d 153, 157 (1974),
 
 cert. dismissed,
 
 233 Ga. 487, 212 S.E.2d 627 (1975).
 

 Columbus College is the beneficiary of the Greentree-Sevier Trust. Columbus College made the educational loan to Shore using funds from this trust. Appellant agreed “to pay to Columbus College” the sum of the amount signed for in the space provided on the Loan Agreement. An educational loan “made by” a governmental unit within the meaning of Section 523(a)(8) is one in which a governmental unit is the lender and the holder of the loan obligation. The particular fund on which the governmental unit draws to fund the loan does not alter the definition. Consequently, the district court properly refused to discharge the appellant’s educational loan.
 

 The judgment of the district court is
 

 AFFIRMED.
 

 [1]
 

 . The Loan Agreement specifically provided: “The student acknowledges that this loan is made by the Institution from the Greentree-Sevier Loan Fund administered by the Institution pursuant to an instrument of trust or gift established by the donor for the benefit of students at the Institution.”