A03A2076. COOPER et al. v. PAULDING COUNTY SCHOOL
DISTRICT et al.
(595 SE2d 671)

MILLER, Judge.

Kenneth and Lenora Cooper sued the Paulding County School District, Don Rauscher (the former school principal), and Ray Perren (the former school superintendent), following a car accident that occurred on school property in Paulding County, which caused injuries to Lenora and the Coopers' four children. Lenora sued on her own behalf and on behalf of the Coopers' four children, and Kenneth sued for loss of consortium. The defendants moved for summary judgment, which motion was granted as to all of them. The Coopers appeal, challenging only the trial court's entry of summary judgment in favor of Rauscher. The Coopers argue that the trial court erred in finding that Rauscher was shielded from liability in his individual capacity by official immunity. We affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that Lenora drove to a Paulding County high school one afternoon to pick up one of her daughters. After picking up her daughter, Lenora drove toward the main exit, where her car collided with the school entrance gate. The gate came through the windshield and struck Lenora, causing her to lose consciousness and lose control of the car. The car then went off the roadway and crashed into a tree, causing further injuries to Lenora and injuries to her four children.

In the morning on the day of the accident, Rauscher asked school custodians to clean up debris in the roadway at the school entrance that had been left from another vehicle that apparently had hit the gate over the weekend. Also in the morning on the day of the accident, the district's director of maintenance received a call to repair the weekend damage that had been done to the gate. The director and his maintenance crew arrived at the school that same morning to

repair the gate. The crew realigned the hinges on the damaged gate, and when their work was completed, they opened and secured the gate. There is no evidence that anyone else touched the gate (prior to Lenora's accident) after the director and the maintenance crew finished their work.

The Coopers contend that the trial court erred in granting summary judgment to Rauscher in his individual capacity based on official immunity in connection with Lenora's car accident. We disagree.

As a county employee, Rauscher is entitled to official immunity (when he is sued for negligence) when engaging in a discretionary, as opposed to ministerial, act in connection with his official functions. As the Supreme Court of Georgia stated in *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980):

> It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption. These discretionary acts lie midway between judicial and ministerial ones. The name of the public officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability.

(Citation, punctuation and emphasis omitted.)[1] Here, all parties concede that Rauscher was acting within the scope of his official employment in connection with the Coopers' allegations against him, and that Rauscher did not act with actual malice or intent to cause injury.

The evidence reveals that Rauscher, as the principal of the school at the time of the accident, had to exercise judgment as to how

---

[1] We note that the definition of "discretionary function" found in the Georgia Tort Claims Act (GTCA) (see OCGA § 50-21-22 (2)) does not apply here. The Supreme Court of Georgia "has continued to apply the pre-existing definition of discretionary function to cases involving the official immunity of county employees, [because] county employees fall outside the scope of the GTCA, and their actions therefore are not subject to the Act's definition of discretionary function." (Footnotes omitted.) *Brantley v. Dept. of Human Resources*, 271 Ga. 679, 680-681 (523 SE2d 571) (1999).

the school should handle the broken gate. The Coopers contend that Rauscher's handling of the broken gate was a ministerial, rather than discretionary, function. However, as the Supreme Court of Georgia has made clear under circumstances like those presented in the present case, "[i]n effect, [the Coopers] are alleging that the defendant, acting as principal, failed to exercise sound judgment (discretion) in allowing what they alleged to be a hazardous condition to exist. Therefore, the act or failure to act is not ministerial in nature, but is, rather, discretionary." *Hennessy*, supra, 245 Ga. at 332. This is not a situation where the maintenance director or maintenance crew has been sued for engaging in the ministerial task of performing the actual work to make certain repairs. See, e.g., *Joyce v. Van Arsdale*, 196 Ga. App. 95, 97 (395 SE2d 275) (1990). To the contrary, this is a situation where the school principal exercised his discretion in the maintenance of school facilities and is therefore immune from suit for alleged negligence. See *Hennessy*, supra, 245 Ga. at 332; see also *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 113 (469 SE2d 679) (1996); *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (1) (464 SE2d 251) (1995). The trial court therefore did not err in granting summary judgment to Rauscher.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 25, 2004.

*Angela Woodall, Jeffrey S. Banks*, for appellants.

*Freeman, Mathis & Gary, Matthew P. Stone, Andrea S. Hirsch, Vinson, Talley, Richardson & Cable, William T. Cable, Jr.*, for appellees.